IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD A. WESTMORELAND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-0261-CV-W-SWH |
| ) | |
| RUTZ CONSTRUCTION, LLC., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Plaintiffs Richard A. Westmoreland and Timothy Warren Skinner filed Plaintiffs' First Amended Petition For Damages[1] against numerous individuals and entities alleging copyright infringement pursuant to 17 U.S.C. § 501. (Doc. #6) Pending before the Court are:

1. Defendant Alan South's Motion to Dismiss Pursuant to Fed. R. Civ. Pro. Rule 12(B)(6) For Failure to State a Claim (doc. #11);

2. Defendant Wells Fargo Bank, N.A. Motion to Dismiss Pursuant to Fed. R. Civ. Pro. Rule 12(B)(6) For Failure to State a Claim (doc. #12); and

3. Defendant Carl Chinnery's Motion to Dismiss for Failure to State a Claim (doc. # 26).

For the reasons set forth below, the motions are granted.

I. STANDARDS FOR EVALUATING A MOTION TO DISMISS

A complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir, 2001). Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal of a claim is appropriate when "it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." Frey v. City of

---

[1] Plaintiffs' Petition For Damages (doc. #1) did not name defendants Wells Fargo Bank, N.A., Alan South or Carl Chinnery as defendants nor did it include any allegations against them.

Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In ruling on a motion to dismiss, the facts are to be taken in the light most favorable to the plaintiff and all well-pleaded allegations considered true. Young v. City of St. Charles, Mo., 244 F. 3d at 627; Martin-Trigona v. Stewart, 691 F.2d 856, 858 (8th Cir. 1982).

## II. FACTUAL ALLEGATIONS

Plaintiffs are co-owners of Federal Copyright Registration Numbers Vau 506-397 and Vau 541-913 for the architectural plans of a house design referred to as the "Capri Model." (Amended Petition at ¶¶ 21 and 22) According to plaintiffs, copyright protection grants them the exclusive right to (a) make copies of the architectural drawings; (b) construct a building based upon the drawings; (c) prepare "derivative works" (modified versions) from the drawings; and (d) distribute copies of the protected work to the public. (Amended Petition at ¶ 38) Plaintiffs allege that a residential structure located at 911 Crestridge Drive, Kearney, Missouri, infringes upon their copyright protection. (Amended Petition at ¶ 39)

As to the defendant Wells Fargo Bank, N.A. ("Wells Fargo"), plaintiffs specifically allege that this defendant holds a promissory note executed by the current owners and secured by a deed of trust on 911 Crestridge Drive. By holding a security interest in the infringing structure, plaintiffs allege defendant Wells Fargo infringed upon their rights under their copyright protected work. (Amended Petition at ¶¶ 25 & 49)

Plaintiffs allege that defendants Alan South ("South") and Carl Chinnery ("Chinnery"), are the trustees involved in the execution of a promissory note secured by a deed of trust on 2175 Sierra Drive, but there are no specific allegations of any infringing activity. (Amended Petition at ¶¶ 26 and 28) The Court and defendants South and Chinnery have been unable to determine the

2

significance of the 2175 Sierra Drive address. The Amended Petition does not allege that the house located at 2175 Sierra Drive infringes on plaintiffs' copyright protected architectural designs. In fact, the only count of the Amended Petition is titled, "Count I Copyright Infringement Relating to 911 Crestridge Drive, Kearney, Missouri." Moreover, all of the allegations of Count I refer to the 911 Crestridge Drive address. (See Amended Petition at ¶¶ 38-50)

In opposing the motion to dismiss filed by South, plaintiffs state that "Alan South, by acting as trustee on the deed of trust of the infringing house located at 2175 Sierra Drive, has a number of rights and powers to supervise the infringing structure." (Plaintiff's [sic] Suggestions in Opposition of Defendant Alan South's Motion to Dismiss, doc. # 14 at 2) The same response is set forth by plaintiffs in opposing the motion to dismiss filed by defendant Chinnery. (See Doc. # 28 at 3) Therefore, to the extent plaintiffs intended this action to encompass an alleged copyright infringement by defendants South and Chinnery on property which is not the subject of the Amended Petition, these defendants would be entitled to be dismissed.

It seems more plausible that plaintiffs intended to plead that defendants South and/or Chinnery are the trustees on the deed of trust on the property located at 911 Crestridge Drive. Thus, viewing the pleadings in the light most favorable to plaintiffs, the Court will assume for the purpose of addressing the motion to dismiss that plaintiff is intending to sue defendants South and Chinnery as the trustees on the deed of trust on the 911 Crestridge Drive property.

### III. DISCUSSION

Architectural works are protected under the Copyright Act, 17 U.S.C. §102(a)(8) and are defined by the Act as follows:

> An "architectural work" is the design of a building as embodied in any tangible medium of expression, including a

3

> building, architectural plans or drawings. The work includes the
> overall form as well as the arrangement and composition of spaces
> and elements in the design, but does not include individual standard
> features.

17 U.S.C. § 101.

A claim for copyright infringement includes two elements. First, the plaintiff must have ownership of a valid copyright in the work allegedly infringed upon. Second, the plaintiff must allege that defendant copied that work. Rottlund Co. v. Pinnacle Corp., 452 F.3d 726, 731 (8th Cir. 2006); Taylor Corp. v. Four Seasons Greetings, LLC, 403 F.3d 958, 962-63 (8th Cir, 2005).

In this case, plaintiffs have alleged co-ownership of Federal Copyright Registration Numbers Vau 506-397 and Vau 541-913 for the design of the house known as "The Capri." There are no allegations in the pleadings, however, that defendants Wells Fargo, South or Chinnery copied any of the plans or drawings of this design.

Plaintiffs, however, contend these defendants are vicariously liable for the infringement. In order to establish a copyright claim under a theory of vicarious liability, plaintiffs must show that defendants have " '(1) [t]he right and ability to supervise the infringing activity; and (2) [a]n obvious and direct financial interest in exploitation of copyrighted materials.' " Pinkham v. Sara Lee Corp., 983 F.2d 824, 834 (8th Cir. 1992) (quoting RCA/Ariola Int'l Inc. v. Thomas & GraystonCo., 845 F.2d 773, 781 (8th Cir. 1988)).

Plaintiffs argue that by holding a security interest in the infringing structure, defendant Wells Fargo "has a right and ability to supervise the building. It is a caretaker of a copyright violation." (Plaintiff's [sic] Suggestions in Opposition of Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss, doc. #16 at 2) A similar allegation is made as to defendants South and Chinnery. (Plaintiffs' Opposition, doc. # 14 at 2 and doc. # 28 at 3) However, plaintiffs have cited no

4

authority for their argument that holding a security interest in property or acting as trustee on a deed of trust gives either the security holder or the trustee the right or ability to supervise the allegedly infringing activity.  By definition, a claim for copyright infringement, either by direct or vicarious liability requires some act of infringement.  Plaintiffs have not alleged that defendants Wells Fargo, South or Chinnery did any acts to either commit or supervise some infringing activity.  Thus, plaintiffs have failed to state a claim for copyright infringement.

## IV.  CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant Alan South's Motion to Dismiss Pursuant to Fed. R. Civ. Pro. Rule 12(B)(6) For Failure to State a Claim (doc. #11), Defendant Wells Fargo Bank, N.A. Motion to Dismiss Pursuant to Fed. R. Civ. Pro. Rule 12(B)(6) For Failure to State a Claim (doc. #12) and Defendant Carl Chinnery's Motion to Dismiss for Failure to State a Claim (doc. # 26) are granted and defendants Alan South, Wells Fargo Bank, N.A. and Carl Chinnery are dismissed from this action.

/s/  *Sarah W. Hays*
SARAH W. HAYS
United States Magistrate Judge